# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARRIEL HUDSON, <br> # 200507591 <br> <br> Plaintiff, <br> <br> vs. <br> <br> TIMOTHY JAMES TING, <br> <br> Defendant. | Case No. 19-CV-00832-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tarriel Hudson brings this action pursuant to 42 U.S.C. § 1983 asserting deprivations of his constitutional rights and seeking monetary damages. (Doc. 1). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff was represented by Defendant Ting in his capacity as a public defender in numerous cases. (Doc. 1, p. 8). Plaintiff alleges that in one case, Ting had a conflict of interest because he had previously represented the alleged victim. (*Id.*). He also alleges that Ting provided ineffective assistance of counsel in numerous cases and contends Ting violated "a few of [his] constitutional rights." (*Id.*).

Defense attorneys, even those appointed by a court, are not considered state actors or federal officials for purposes of a claim under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes

of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Turner v. Godinez*, 693 F.App'x. 449, 454 (7th Cir. 2017) ("public defenders were not acting under color of state law and thus cannot be sued under § 1983"); *Brown v. Wisconsin Public Defender's Office*, 854 F.3d 916 (7th Cir. 2017) (prisoner incurred two strikes for filing frivolous civil rights action and appeal against public defender's office based on representation of him in appeal); *Swift v. Swift*, 556 F.App'x. 509, 510-511 (7th Cir. 2014) (public defenders acting as criminal counsel do not act "under color of state law" and cannot be sued under § 1983); *McDonald v. White*, 465 F.App'x. 544 (7th Cir. 2012) (same). Accordingly, Plaintiff's claim against Ting will be dismissed with prejudice.

Because the Court discerns no viable federal claim in the Complaint, and because Plaintiff's claim relates only to conduct by a public defender in a criminal proceeding, amendment of the Complaint would be futile. Therefore, the Complaint and this entire action will be dismissed for failure to state a claim upon which relief may be granted. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

### Disposition

**IT IS HEREBY ORDERED** that this matter does not survive preliminary review under 28 U.S.C. § 1915A, and the Complaint and this entire action are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Defendant Ting is **DISMISSED** with prejudice from the action. The Clerk of Court is **DIRECTED** to **TERMINATE** him as a party in the Court's Case Management/Electronic Case Filing (CM/ECF) system.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** as moot.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED**.

**DATED: November 1, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**